UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN BENNETT, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>Defendant. | Civil Action No. 1:22-cv-5540<br><br>(Circuit Court of Cook County, Illinois, County Department, Chancery Division, Case No. 2022CH08767) |

## NOTICE OF REMOVAL

Defendant, Samsung Electronics America, Inc. ("Samsung" or "Defendant"), hereby removes the above-entitled action from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §§ 1446, 1453, and the Class Action Fairness Act of 2005, 28 U.S.C. § 1711, *et seq.* ("CAFA"). In support thereof, Samsung states as follows:

I.     **INTRODUCTION**

1.     On September 2, 2022, Plaintiff John Bennett ("Bennett" or "Plaintiff") filed this lawsuit in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, styled as *John Bennett v. Samsung Electronics America, Inc.*, Case No. 2022 CH 08767 (the "State Action"). Plaintiff served the State Action Complaint ("SAC") on Samsung on September 13, 2022. The SAC asserts five claims for: (1) Violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, *et seq.* ("ICFA"); (2) negligence; (3) invasion of privacy by public disclosure of private facts and intrusion upon seclusion; (4) breach of contract; and (5)

breach of implied contract. Each of Plaintiff's claims arises out of a data security incident that Samsung announced on September 2, 2022 (the "Security Incident").

2. On behalf of himself and the putative class, Plaintiff seeks, among other things, actual and punitive damages, statutory damages, injunctive relief, and attorneys' fees. SAC at 24.

3. As shown below, the State Action is removable to this Court because all procedural requirements for removal are satisfied, and this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d).

## II. SAMSUNG HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

4. Pursuant to 28 U.S.C. § 1446(b), the "notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." As stated above, Plaintiff served the SAC on Samsung on September 13, 2022. Thus, Samsung's Notice of Removal is timely because it is filed within 30 days of that date. *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

5. Venue lies in the United States District Court for the Northern District of Illinois because Plaintiff filed the State Action in this District. *See* 28 U.S.C. § 1441(a) (mandating venue for removal actions).

6. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served on Samsung are concurrently filed and attached hereto as **Exhibit A**.

7. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on counsel for Plaintiff and a copy is being filed with the Clerk of the Circuit Court of Cook County, Illinois, County Department, Chancery Division.

## III. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION UNDER CAFA

8. The State Action is a civil action over which this Court has original jurisdiction pursuant to CAFA. Under CAFA, federal courts have original jurisdiction over a class action if: (1) it involves 100 or more putative class members; (2) any class member is a citizen of a state different from any defendant; and (3) the aggregated amount in controversy exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d). The State Action meets those requirements.

9. To remove a case under CAFA, a defendant need only "file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal'"—*i.e.*, the same liberal pleading standard required by Federal Rule of Civil Procedure 8(a), requiring only plausible allegations as to the basis for removal. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014) (quoting 28 U.S.C. § 1446(a)). Samsung easily meets that standard.

10. As set forth below, this is a putative class action in which, as alleged: (1) there are more than 100 members in Plaintiff's proposed class; (2) Plaintiff and the members of the putative class have a different citizenship than Samsung; and (3) the claims of the proposed class members exceed the sum or value of $5,000,000 in the aggregate, exclusive of interests and costs. Accordingly, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d).

### A. The State Action Is a "Class Action" Under CAFA

11. CAFA defines a "class action" as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule or judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 26 U.S.C. § 1332(d)(1)(B).

3

12. Here, the SAC is styled as a "Class Action Complaint" (SAC at 1); Plaintiff specifically alleges that he is bringing the State Action on behalf of himself and a putative class comprised of "millions of individuals" allegedly affected by the Security Incident (*Id.* ¶ 1); he contends that a "class action in this case would be appropriate and superior to any other available means for the fair and efficient adjudication of this controversy" (*Id.* ¶ 50); and he seeks an order certifying this action as a class action, designating Plaintiff as the representative of the Class, and appointing Plaintiff's counsel as counsel for the Class (*Id.* at 24). Actions seeking class treatment in this manner are "class actions" under CAFA. *See In re Burlington N. Santa Fe Ry. Co.*, 606 F.3d 379, 381 (7th Cir. 2010) (finding that "CAFA jurisdiction attaches when a case is *filed* as a class action") (citing *Cunningham Charter Corp. v. Learjet, Inc.*, 592 F.3d 805 (7th Cir. 2010)).

### B. The Putative Class Consists of More than 100 Members

13. Plaintiff seeks to represent a nationwide class defined as: "All individuals whose PII was disclosed while in the possession of Defendant, or any of their subsidiaries and/or agents, during the Data Breach." SAC ¶ 42.

14. The putative class consists of more than 100 individuals. Indeed, Plaintiff alleges that the putative class is comprised of "millions of individuals" who were allegedly affected by the Security Incident. *Id.* ¶ 1. Moreover, Plaintiff bases his claims on a notice Samsung sent to customers potentially impacted by the Security Incident. *Id.* ¶¶ 3–4. Samsung avers that it sent such notices to more than 10 million individuals nationwide. Accordingly, the requirement of 100 or more class members is met.

### C. Minimal Diversity Exists

15. Under CAFA's "minimal diversity" requirement, a "federal court may exercise jurisdiction over a class action if 'any member of a class of plaintiffs is a citizen of a State different from any defendant.'" *Mississippi ex rel. Hood v. AU Optronics Corp.*, 571 U.S. 161, 165 (2014) (quoting 28 U.S.C. § 1332(d)(2)(A)); *Bullard v. Burlington N. Santa Fe Ry. Co.*, 556 F. Supp. 2d 858, 859 (N.D. Ill. 2008).

16. Under CAFA, minimal diversity exists if any member of the proposed class is a citizen of a State other than New York or New Jersey. 28 U.S.C. § 1332(d)(2)(A), (d)(2)(B); *Mississippi ex rel. Hood*, 571 U.S. at 165; *Bullard*, 556 F. Supp. 2d at 859. CAFA's minimal diversity requirement is readily satisfied here.

17. Samsung is a New York corporation that has its principal place of business in New Jersey. Samsung, therefore, is a citizen of both New York and New Jersey for removal purposes. *Hertz Corp. v. Friend*, 559 U.S. 77, 80–81 (2010); 28 U.S.C. § 1332(c)(1); *see also Channon v. Westward Mgmt., Inc.*, 2020 WL 1233766, at *5 (N.D. Ill. Mar. 13, 2020) (finding that, under CAFA, a corporation "is deemed to be a citizen of the state in which it was incorporated and of the state where it has its principal place of business") (citing 28 U.S.C. § 1332(c)(1)).

18. Plaintiff is an Illinois citizen, thereby making him diverse from Samsung. Indeed, Plaintiff claims he "was a resident and citizen of the State of Illinois during all times relevant to this complaint." SAC ¶ 14. Moreover, Plaintiff purports to represent an Illinois Sub-Class comprised of "all individuals in Illinois" who were allegedly affected by the Security Incident. *Id.* ¶ 42. Accordingly, at least one member of the proposed class is a citizen of a State other than New York or New Jersey. Minimal diversity exists.

### D. The Amount-in-Controversy Requirement Is Satisfied

19. To establish CAFA's amount-in-controversy requirement, Samsung "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" of $5 million. *Dart Cherokee*, 574 U.S. at 89.

20. Although Samsung denies Plaintiff or any putative class member suffered any cognizable injury as a result of the Security Incident, Plaintiff asserts causes of action for, among other things, negligence, invasion of privacy by public disclosure of private facts and intrusion upon seclusion, and breach of contract. SAC ¶¶ 52–96. In connection with these causes of action, Plaintiff seeks damages for the "expense of credit monitoring and identity theft insurance" on behalf of a putative class consisting of "millions of individuals." *Id.* at 1, 24. Given the average cost per person for credit monitoring and identity theft protection services exceeds $5 annually,[1] the amount in controversy plainly exceeds $5 million. And that does not even include the other compensatory damages alleged by Plaintiff, including "out-of-pocket expenses, anxiety, emotional distress, loss of privacy, and other economic and non-economic harms." *Id.* ¶ 35. Nor does it include the punitive damages and attorneys' fees sought by Plaintiff in connection with his first claim for relief alleging a violation of the ICFA. *Id.* at 25. By all counts, CAFA's $5 million amount-in-controversy requirement is satisfied.

## IV. CONCLUSION

WHEREFORE, Samsung respectfully removes the State Action to this Court pursuant to 28 U.S.C. § 1441(b).

---

[1] *See* Jeff Kinney & Kristen Hampshire, <u>Best Identity Theft Protection Services of 2022</u>, US News & World Report (Sept. 16, 2022 (9:00 AM)), https://www.usnews.com/360-reviews/privacy/identity-theft-protection (noting that the cost of recommended identity theft protection services ranges from $9.99 to $50 a month).

Respectfully Submitted,

Dated: October 10, 2022

*/s/ Julie B. Porter*
Julie B. Porter (#6243787)
SALVATORE PRESCOTT PORTER
& PORTER, PLLC
1010 Davis Street
Evanston, IL 60201
T: (312) 283-5711
porter@spplaw.com

*Attorney for Defendant Samsung Electronics America, Inc.*

# CERTIFICATE OF SERVICE

      I, Julie B. Porter, one of the attorneys for Defendant Samsung Electronics America, Inc., hereby certify that I caused a copy of the foregoing to be served by e-mail and first class U.S. Mail, postage prepaid, on counsel for Plaintiff:

Bryan Paul Thompson
Robert W. Harrer
CHICAGO CONSUMER LAW CENTER, P.C.
Cook County Firm No. 62709
33 N. Dearborn St., Suite 400
Chicago, Illinois 60602
T: (312) 858-3239
F: (312) 610-5646
bryan.thompson@cclc-law.com
rob.harrer@cclc-law.com

Michael Kind, Esq.
KIND LAW
8860 South Maryland Parkway, Suite 106
Las Vegas, NV 89123
T: (702) 337-2322
F: (702) 329-5881
mk@kindlaw.com

Dated: October 10, 2022　　　　　　　　　　　　　　　　　　*/s/ Julie B. Porter*
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Attorney for Defendant